

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

JIANFENG LI,

                              Petitioner,

v.

KRISTI NOEM, Secretary of the U.S.
Department of Homeland Security, et al.,

                              Respondents.

Case No.:  26cv1756-LL-BJW

**ORDER DENYING PETITIONER'S EX PARTE MOTION FOR LEAVE TO PROCEED UNDER PSEUDONYM**

[ECF No. 3]

On March 21, 2026, Petitioner filed an Ex Parte Motion requesting permission to litigate this action under a pseudonym. ECF No. 3.

In the Ninth Circuit, "a party may preserve his or her anonymity in judicial proceedings in special circumstances when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir. 2000). In making this determination, courts consider the following factors: "(1) the severity of the threatened harm, (2) the reasonableness of the anonymous party's fears, and (3) the anonymous party's vulnerability to such retaliation." *Id.* (citations omitted). "The court must also determine the precise prejudice at each stage of the proceedings to the opposing

1

26cv1756-LL-BJW

party, and whether proceedings may be structured so as to mitigate that prejudice." *Id.* "Finally, the court must decide whether the public's interest in the case would be best served by requiring that the litigants reveal their identities." *Id.*

Petitioner contends that his identity must be concealed because disclosure "could subject him to retaliation within detention facilities, adverse treatment by other detainees, or targeting by third parties." ECF No. 3 at 2–3. He further argues that this action "necessarily involves disclosure of sensitive personal information, including immigration history, detention circumstances, and potentially protected claims or fear-based facts." *Id.* at 3. Petitioner also contends that there would be no prejudice to Respondents because they are federal officials and agencies who already know his true identity. *Id.*

The Court does not find it appropriate to allow Petitioner to proceed under a pseudonym at this stage of the proceedings. Petitioner alleges harms that are vague and speculative, with no specific reasons as to why Petitioner would be targeted for harm or adverse treatment in detention facilities apart from his status as a Chinese citizen seeking asylum. However, the Court agrees that Petitioner's asylum application contains sensitive personal information. To mitigate the risk of disclosing this sensitive information, the Court will **allow** Petitioner's asylum application to be sealed, identified as "Tab A" in his Motion for Ex Parte Application for Temporary Restraining Order [ECF No. 2 at 11–35].

In order to enable the Court to seal Tab A, Petitioner's counsel must (1) correctly file an amended Ex Parte Application for Temporary Restraining Order for public viewing that uploads each exhibit as a separate attachment and redacts Tab A; (2) file a motion to seal Tab A; and (3) lodge the unredacted Tab A under the appropriate event as explained

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

26cv1756-LL-BJW

in the electronic filing policies and procedures manual. *Electronic Case Filing Administrative Policies and Procedures Manual*, § 2(j)-(k) (January 16, 2026), *available at* https://www.casd.uscourts.gov/rules/local-rules.aspx.

Accordingly, the Court **DENIES** Petitioner's Ex Parte Motion to proceed under a pseudonym.

**IT IS SO ORDERED.**

Dated:  March 23, 2026

_____

Honorable Linda Lopez
United States District Judge

26cv1756-LL-BJW